UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-cv-00270-JMB |
| | ) |
| JEFFERSON COUNTY SHERIFF DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Jesse Bell for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). In a letter to the Court, he asserts that he has requested the statement, but has been met with a negative response. (Docket No. 5). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Jefferson County Jail in Hillsboro, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the Jefferson County Sheriff's Department as the sole defendant. (Docket No. 1 at 2). The Sheriff's Department is sued in its official capacity.

The complaint is handwritten and not on a Court form. Attached to the complaint are exhibits consisting of a letter by plaintiff requesting information, as well as a letter from the City of Byrnes Mill in response to a records request. Subsequent to the filing of his complaint, plaintiff submitted additional exhibits including a second letter from the City of Byrnes Mill, a copy of

Byrnes Mill Ordinance No. 930-20, two letters from the Jefferson County Sheriff's Department, and a letter from the Clerk of the Jefferson County Circuit Court. (Docket No. 5). The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

In his "Statement of Claim," plaintiff asserts that he has put "much needed thought into" his complaint, "due to the [injustices]" he has received since he "was a young teenager." (Docket No. 1 at 3). As a result, he is asking the Court to "please investigate one rough ex Jefferson County/[Byrnes] Mill Police officer." Plaintiff identifies this officer as Mike Smith. According to plaintiff, Officer Smith "constantly harassed" him, "costing [him] thousands of dollars and even time [off his] life." Plaintiff further states that Officer Smith has been "[proven] to be unfit to be a law officer by any means."

Plaintiff asks the Court to "investigate this matter and all the jabberwocky that came along with it." He contends that the "amount of police corruption that lies within the Jefferson County Sheriff's Office is [constitutionally] incorrect and [that] something has got to be done about it," as "no United States citizen should fear their own law enforcement." Plaintiff notes that "the Jefferson County Courts aren't [providing him] with [his] record requests," but that if the Court investigates this matter, it "will see that this man has been terminated from being a law officer for more than one reason." (Docket No. 1 at 4).

With regard to injuries, plaintiff states they are "all mental," and that Officer Smith's actions have "caused [him] to be a very [enclosed] person that has a very hard time trusting anyone in authority." (Docket No. 1 at 5). He asserts that the defamation of his character has caused him to have a very low self-worth, and that he is afraid to speak up for himself. Plaintiff alleges that these injuries "date all the way back to 1998."

Regarding his request for relief, plaintiff seeks to have all the charges on his record with Officer Smith's name on them be erased. (Docket No. 1 at 6). He also wants to recoup all the court costs, fines, and attorney's fees that he paid. Finally, he asks for whatever punitive damages the Court sees fit to award.

Plaintiff has attached to the complaint a letter from the City of Byrnes Mill that is dated February 22, 2021. (Docket No. 1-1 at 1). The letter is in response to a records request relating to "former employee Mike Smith." According to the letter, Officer Smith was employed by the Byrnes Mill Police Department from November 22, 2011 until he was terminated on March 28, 2014. In a supplement to the complaint, plaintiff has attached a letter from the Jefferson County Sheriff's Department dated March 2, 2021. The letter is a response to a records request, and states that Officer Smith was employed as a deputy from July 16, 1992 until September 30, 2004. (Docket No. 5 at 6).

**Discussion**

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, naming the Jefferson County Sheriff's Department as the lone defendant. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

5

### A. Jefferson County Sheriff's Department

Plaintiff has named the Jefferson County Sheriff's Department as the defendant in this action. A sheriff's department, however, is a department of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Even if Jefferson County is substituted as the proper party defendant in this action, plaintiff has still failed to state a claim. A local governing body such as Jefferson County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Jefferson County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388

(1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, plaintiff has not presented any facts to support the proposition that his rights were violated due to a Jefferson County policy, custom, or failure to train.

With regard to an unconstitutional policy, plaintiff's facts do not refer whatsoever to any Jefferson County statement, ordinance, regulation, or official decision. That is, his facts do not support the proposition that any policy is at issue in this case. Certainly, plaintiff does not allege that his constitutional rights were violated due to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."

As to an unconstitutional custom, plaintiff has not shown the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct" by Jefferson County employees, much less that Jefferson County officials were deliberately indifferent to or tacitly authorized such misconduct. Plaintiff vaguely suggests that there is "police corruption" within the Jefferson County

Sheriff's Department, but does not provide a single factual example, let alone enough facts to support the contention of a persistent pattern.

Likewise, plaintiff has presented no allegations regarding a failure to train on the part of Jefferson County. He has failed to show that Jefferson County had notice that its procedures were inadequate by alleging a "pattern of similar constitutional violations by untrained employees." Indeed, plaintiff has not established a single constitutional violation by a Jefferson County employee, not to mention a pattern.

Construed broadly, plaintiff appears to be asserting a respondeat superior claim against Jefferson County for employing Officer Smith. As noted above, however, respondeat superior does not apply to a 42 U.S.C. § 1983 action against a municipality. *See A.H.*, 891 F.3d at 728.

For the reasons discussed above, plaintiff has failed to state a municipal liability claim against Jefferson County. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Thus, even if Jefferson County was substituted as a defendant for the Jefferson County Sheriff's Department, plaintiff's claim against it is subject to dismissal.

**B. Officer Smith**

Though he is not named in the case caption, plaintiff refers to Officer Smith in the body of his complaint as the individual who wronged him. The Court will therefore treat Officer Smith as a defendant in this case.

In a 42 U.S.C. § 1983 action, a plaintiff can bring a claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which

the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). Because plaintiff does not indicate the capacity in which he is suing Officer Smith, the Court assumes that Smith is sued in an official capacity only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff alleges that Officer Smith was employed by both the Jefferson County Sheriff's Department and the Byrnes Mill Police Department. Thus, the official capacity claim against Officer Smith is actually a claim against Jefferson County and Byrnes Mill, Smith's employers.

To prevail on this claim, plaintiff must establish the liability of these governmental entities. *See Kelly*, 813 F.3d at 1075.

As already discussed, plaintiff has failed to state a claim against Jefferson County, as he has not demonstrated that his constitutional rights were violated due to a Jefferson County policy, custom, or failure to train. *See Marsh*, 902 F.3d at 751 (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). For the same reason, plaintiff has not adequately stated a claim against the City of Byrnes Mill. At most, plaintiff appears to be suggesting that Byrnes Mill is liable because it once employed Officer Smith. However, respondeat superior is inapplicable to § 1983 actions, and a governmental entity cannot be liable simply because it employed a tortfeasor. *See A.H.*, 891 F.3d at 728. Therefore, plaintiff has failed to state an official capacity claim against Officer Smith.

Even if Officer Smith had been sued in an individual capacity, the claim against him would still be subject to dismissal. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has not established that Officer Smith was personally liable for violating his constitutional rights. Plaintiff's allegations against Officer Smith are extremely vague, amounting to unsupported conclusions. He states that Officer Smith was "rough," and that he "constantly harassed" plaintiff, and that he has been proven "unfit" to be a law enforcement officer. None of these assertions implicate the constitution or demonstrate the violation of federal law. In short, plaintiff has failed to present facts connecting an action by Officer Smith to the deprivation of one of plaintiff's constitutional rights. Therefore, even if plaintiff had sued Officer Smith in an individual capacity, the claim would be subject to dismissal.

### C. Statute of Limitations

There is no statute of limitations contained within 42 U.S.C. § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of

limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966).

Plaintiff asserts that his claim dates all "the way [back] to 1998."[1] Additionally, he has attached exhibits indicating that Officer Smith left his employment with the Jefferson County Sheriff's Department on September 30, 2004, and was terminated from the City of Byrnes Mill Police Department on March 28, 2014. Clearly, then, whatever alleged harassment plaintiff received from Officer Smith, while Smith was employed by either Jefferson County or the City of Byrnes Mill, took place – and was capable of becoming known – prior to March 28, 2014.

Giving plaintiff the benefit of this latest date, he had five years from March 28, 2014 to file suit. That limitations period expired on March 28, 2019. Plaintiff did not file the instant action until February 28, 2021, approximately one year and eleven months after the statute of limitations expired. Therefore, it is apparent from plaintiff's complaint that his 42 U.S.C. § 1983 action is time-barred. For this reason as well, plaintiff's case must be dismissed without prejudice.

---

[1] In his "Statement of Claim," plaintiff mentions being the victim of injustice since he "was a young teenager." The law in the State of Missouri provides that if a cause of action accrues before plaintiff reaches the age of 21, the statute of limitations is automatically tolled until the plaintiff reaches that age. *See* Mo. Rev. Stat. § 516.170. The Court notes that from review of plaintiff's state criminal cases, retrieved from Case.net, Missouri's online case management system, it appears that plaintiff was born in 1980. Having been born in 1980, plaintiff would have turned 21 sometime in the year 2001. Thus, plaintiff's age has no effect on the calculation of the statute of limitations in this case.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of July, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE